## JAMES E. KERR ET AL.
### v.
## JAMES WILSON.

*Master and Servant—Recovery of Wages.*

1. A motion in an appellate court by an appealing defendant, in an action originally brought before a justice, that the plaintiff give security for costs on the ground that he has become a non-resident since the appeal, should not be allowed.

2. There can be no recovery in an action brought upon a claim, before the same becomes due.

[Opinion filed September 20, 1890.]

APPEAL from the County Court of Macoupin County; the Hon. L. P. PUBLIS, Judge, presiding.

Messrs. R. E. DORSEY and A. N. YANCEY, for appellants.

Mr. R. B. SHIRLEY, for appellee.

WALL, J. This was an appeal from a justice of the peace to the County Court, where, as before the justice, the plaintiff recovered.

In the County Court and before the trial the defendants moved for a rule upon the plaintiff to give security for costs on the ground that he had become a non-resident since the appeal had been taken. This motion was properly overruled. Teague v. Wells, Breese R. 247; Campbell v. Giblin, 19 Ill. 54. The plaintiff was brought into the County Court by the appeal of the defendants and against his own will. He was content with the judgment of the justice and his presence in the County Court was involuntary.

But we are of opinion that there is a fatal objection to this judgment, viz., that the suit was prematurely brought. The plaintiff had been in the employ of the defendants, who were railroad contractors, and had been discharged by their foreman. His claim after deducting the proper credits was found,

upon a settlement, to be $42.97 for June, and $18.50 for July, and he received from the defendants their due bill, in which it was expressly stated that the former amount was payable June 20th, and the latter at the July pay day. This due bill the plaintiff kept, and though he now says he did not intend to accept it for any purpose except as proof of the amount due him, yet, we think upon all the facts as they appear in proof, he should be held to have taken it according to its terms. He should, upon the proofs, be estopped to say otherwise, and, having brought suit before either payment was due, he should have failed in his action. The judgment will be reversed and the cause remanded.